**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STRAUMANN HOLDING AG,<br>STRAUMANN USA, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| vs. | ) ) | |
| NT-TRADING GMBH & CO. KG and<br>CUSTOM AUTOMATED PRODUCTS, LLC | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Straumann Holding AG and Straumann USA, LLC (collectively hereinafter "Plaintiffs"), by and through their undersigned counsel, file this Original Complaint against Defendant NT-Trading GmbH & Co. KG and Defendant Custom Automated Prosthetics, LLC (collectively hereinafter "Defendants"), as follows:

### NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent No. 8,408,904 (the "Patent-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### PARTIES

2.      Plaintiff Straumann Holding  (hereinafter "Straumann Holding") is a corporation organized and existing under the laws of the Swiss Confederation with its principal place of business located at Peter Merian-Weg 12, CH-4052 Basel, Switzerland.

3.      Plaintiff Straumann USA (hereinafter "Straumann USA") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 60 Minuteman Road, Andover, Massachusetts 01810.

4.      Defendant NT-Trading Dental Systems, GmbH & Co. KG ("Nt-Trading") is a corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business located at G.-Braun-Strasse 18, 76187 Karlsruhe, Germany.

5.      Defendant Custom Automated Prosthetics, LLC ("CAP") is a limited liability corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 85 Maple Street, Stoneham, MA 02180.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have committed acts of infringement in the United States and  in this district.

8.      This Court has personal jurisdiction over Defendants and venue is proper in this district because Defendants have committed, and continue to commit, acts of infringement in the State of Delaware.

## THE PATENT-IN-SUIT

9.      The Patent-in-Suit, entitled "Coupling for a Multi-Part Dental Implant System," was duly and legally issued by the United States Patent and Trademark Office on April 2, 2013. A copy of the Patent-in-Suit is attached hereto as Exhibit A.

10.      Plaintiff Straumann Holding is the owner of the Patent-in-Suit and has all substantial rights to the Patent-in-Suit, including the right and standing to sue and recover damages for past, present and future infringement of the patent.  Plaintiff Straumann USA is the exclusive licensee of the Patent-in-Suit in the United States.

2

## INFRINGEMENT OF THE PATENT-IN-SUIT

11.     Plaintiffs incorporate paragraphs 1 through 10 by reference as if fully stated herein.

12.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing products and/or methods encompassed by those claims.

13.     Third parties, including Defendants' affiliates, agents, and customers, have infringed, and continue to infringe, one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using, selling, and/or offering for sale in the United States, and/or importing into the United States, products supplied by Defendants.

14.     Upon information and belief, based on the information presently available to Plaintiffs, absent discovery, and in the alternative to direct infringement, Plaintiffs contend that Defendants have induced infringement, and continue to induce infringement, of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(b).  Defendants have actively, knowingly, and intentionally induced, and continue to actively, knowingly, and intentionally induce, infringement of the Patent-in-Suit by making, using, importing, and selling or otherwise supplying products to third parties, including at a minimum its affiliates, agents, and customers, with the knowledge and intent that such third parties will use, sell, offer for sale, and/or import, products supplied by Defendants to infringe the Patent-in-Suit; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the products

and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to such products.

15.     Upon information and belief, based on the information presently available to Plaintiffs, absent discovery, and in the alternative to direct infringement, Plaintiffs contend that Defendants have contributed, and continue to contribute, to the infringement by third parties (including its affiliates, agents, and customers) of one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(c) by selling, offering for sale, and/or importing Defendants' products, knowing that those products constitute a material part of the inventions of the Patent-in-Suit, knowing that those products are especially made or adapted to infringe the Patent-in-Suit, and knowing that those products are not staple articles of commerce suitable for substantial non-infringing use.

16.     Defendants' NT-Trading Titanium Base L 810 and threaded screw for use therewith is an example of an infringing product.

17.     Plaintiffs put Defendants on notice of the Patent-in-Suit and Defendants' infringement thereof at least as early as the date of filing of this complaint.

18.     Plaintiffs have been and continue to be damaged by Defendants' infringement of the Patent-in-Suit.

19.     Defendants' actions complained of herein are causing irreparable harm and damages to Plaintiffs and will continue to do so unless and until Defendants are enjoined and restrained by the Court.

20.     Defendants' conduct in infringing the Patent-in-Suit renders this case exceptional within the meaning of 35 U.S.C. § 285.

## **JURY DEMAND**

21.     Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.  That Defendants have infringed one or more claims of the Patent-in-Suit;

B.  That Defendants account for and pay all damages necessary to adequately compensate Plaintiffs for infringement of the Patent-in-Suit, such damages to be determined by a jury, and that such damages be trebled and awarded to Plaintiffs with pre-judgment and post-judgment interest;

C.  That Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or actively participating with them, be permanently enjoined from directly or indirectly infringing the Patent-in-Suit;

D.  That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action; and

E.  That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Nicola A. Pisano
Jose L. Patino
Foley & Lardner, LLP
3579 Valley Centre Drive
Suite 300
San Diego, CA 92130
(858) 847-6700

Dated:  March 10, 2015
1183413

By: _____
        Philip A. Rovner (#3125)
        Jonathan A. Choa (#5319)
        Hercules Plaza
        P.O. Box 951
        Wilmington, DE 19899
        (302) 984-6000
        provner@potteranderson.com
        jchoa@potteranderson.com

*Attorneys for Plaintiffs Straumann Holding AG and
Straumann USA, LLC*

6